Richard K. Delo - 013811
rdelo@jsslaw.com
Anne E. McClellan – 025521
amcclellan@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

Attorneys for Defendants Marshburn

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janna Dickey and Archie Dickey, a married couple,<br><br>Plaintiffs,<br><br>vs.<br><br>Johnson & Johnson, Inc., a New Jersey Corporation; Ethicon, Inc., a Delaware Corporation; Ethicon, LLC, a Delaware limited liability company; Ethicon, Ltd., a Delaware limited liability company; Banner Health, an Arizona non-profit organization d/b/a Banner Good Samaritan Medical Center; Paul W. Marshburn, M.D. and Jane Doe, a married couple; and John Does 1-20, fictitious individuals and/or entities,<br><br>Defendants. | No. 2:14-cv-01061-NVW<br><br>**DEFENDANTS MARSHBURN'S MOTION TO DISMISS** |

Defendants Marshburn file this Motion to Dismiss because Plaintiffs' claims are barred by the statute of limitations. This Motion is supported by the record in this case and the following Memorandum of Points and Authorities.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. INTRODUCTION**

This case should be dismissed because Plaintiffs' claims are barred by the statute of limitations. Plaintiffs assert claims for negligence and medical malpractice against Defendant Paul W. Marshburn, M.D., an Arizona resident, and Defendant Banner Health, an Arizona non-profit organization, alleging that Dr. Marshburn and Banner improperly implanted a trans-vaginal mesh device ("TVT device") in Plaintiff Janna Dickey on **February 20, 2007**, allegedly causing "immediate" and "chronic" pain and discomfort. [Complaint ¶¶ 81-91 and 98-100.] Plaintiffs were on notice by at least July 2007 that Dr. Marshburn may have negligently performed the subject surgery. [*Id.* at ¶ 87.] Plaintiffs did not file their Complaint until **March 3, 2014** – almost five years after the expiration of the statute of limitations. Therefore, the Court should dismiss Dr. Marshburn.

However, if the Court finds that Dr. Marshburn is a proper Defendant because there is an issue of fact regarding when Plaintiffs' claims accrued, then this Court lacks subject matter jurisdiction. If Dr. Marshburn remains a Defendant, complete diversity does not exist because Plaintiffs and Dr. Marshburn are citizens of the State of Arizona. [Complaint ¶¶ 9-10 and 15-16.] Therefore, if the Court denies this Motion to Dismiss, the Court must remand the matter to state court pursuant to 28 U.S.C. § 1441(b)(2).

. . .

. . .

. . .

2

## II. FACTUAL BACKGROUND

On March 3, 2014, Plaintiffs Janna and Archie Dickey filed a Complaint in Arizona state court based on the surgical implantation of an allegedly defective TVT device manufactured and/or supplied by Defendants Johnson & Johnson and Ethicon. [Complaint ¶ 18 and 81.] On May 16, 2014, Johnson & Johnson removed this matter to federal court based on diversity of citizenship, arguing that Dr. Marshburn and Banner were fraudulently joined as Defendants after the expiration of the statute of limitations. [*See* Notice of Removal at 2.]

Dr. Marshburn performed the subject surgery at Banner Good Samaritan Hospital on February 20, 2007. [*Id.* at ¶ 81.] Plaintiffs allege that Dr. Marshburn and Banner "negligently implanted the TVT device in Plaintiff, thereby damaging her pudendal nerve and exacerbating the problems caused by the [] defective Products." [*Id.* at ¶ 91.]

The Complaint alleges that Janna Dickey "experienced intense vaginal pain and pressure on her bladder <u>immediately</u> upon waking from the anesthesia" and, as a result, "was not released from the hospital until hours later and after being given additional pain medication." [*Id.* at ¶ 82 (emphasis added).] The Complaint further alleges that "in the days and months following the procedure, [Janna Dickey] continued to experience excruciating pain and pressure on her bladder, while also suffering from dyspareunia." [*Id.* at ¶ 83.]

Through their allegations in the Complaint, Plaintiffs admit that by at least July 2007 they were aware of Dr. Marshburn's alleged negligent performance of the subject surgery. The Complaint alleges that in July 2007 Janna Dickey sought

3

treatment with Dr. Michael Hibner for her continued pain and discomfort, and Dr. Hibner informed Janna Dickey that "it was possible [Mrs. Dickey's] pudenal nerve had been injured during the February 2007 surgical procedure." [*Id.* at ¶ 85.] In other words, Dr. Hibner advised Mrs. Dickey that her pain and discomfort may be due to the same allegedly negligent act that serves as the basis of Plaintiffs' claims against Dr. Marshburn.

The allegations asserted in the Complaint make clear that Plaintiffs were on notice immediately after surgery or by at least July 2007 of the need to investigate the cause of Mrs. Dickey's complaint and Dr. Marshburn's conduct in performing the surgery.

### III.   ARGUMENT

Federal courts apply state law when determining the applicable statute of limitations for a claim based on state law. *See e.g., Summers v. Wallace Hosp.,* 276 F.2d 831, 833 (9th Cir. 1960); *see also Ashley v. United States*, 413 F.2d 490, 492 (9th Cir. 1969). Under Arizona law, the statute of limitations for medical malpractice claims is two (2) years. A.R.S. § 12-542(1).

Under A.R.S. § 12-542(1), a medical malpractice claim "shall be <u>commenced</u> and prosecuted within <u>two years</u> after the cause of action accrues." (Emphasis added). An action is commenced by the filing of a complaint. Ariz.R.Civ.P., Rule 3; *Rowland v. Kellogg Brown and Root, Inc.*, 210 Ariz. 530, 532, 115 P.3d 124, 126 (App. 2005) ("[F]iling a complaint is critical for purposes of the statute of limitations.").

A cause of action accrues when the plaintiff knows or by the exercise of

4

reasonable diligence should have known of the defendant's conduct. *Logerquist v. Danforth*, 188 Ariz. 16, 19-20, 932 P.2d 281, 284-85 (App. 1996). The discovery rule does not require that the plaintiff know all facts underlying a potential claim before a claim accrues, nor does it require that the plaintiff know the full extent of his injury. *E.g., Doe v. Roe,* 191 Ariz. 313, 324, 955 P.2d 951, 961 (1998); *Kaufman v. Jesser*, 884 F. Supp. 2d 943, 957 (D. Ariz. 2012) ("Usually, '[c]ommencement of the statute of limitations will not be put off until one learns the full extent of his damages. Rather, the statute commences to run when the plaintiff incurs *some* injury or damaging effect from the malpractice.'") (quoting *Commercial Union Ins. Co. v. Lewis & Roca*, 183 Ariz. 250, 255, 902 P.2d 1354, 1359 (Ct. App. 1995) (emphasis added and internal citations omitted).

A plaintiff is charged with reasonable notice if she possesses knowledge "sufficient to identify that a wrong occurred and caused injury." *Little v. State*, 225 Ariz. 466, ¶ 12, 240 P.3d 861, 865 (App. 2010) ("'A plaintiff need not know *all* the facts underlying a cause of action to trigger accrual' but 'must at least possess a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury.'") (quoting *Doe v. Roe,* 191 Ariz. at 324, 955 P.2d at 961) (emphasis in original). The plaintiff need not have knowledge of the extent of the injury. "[T]he core question is whether a reasonable person would have been on notice to investigate." *Walk v. Ring,* 202 Ariz. 310, 316, ¶ 24, 44 P.3d 990, 996 (2002).

The undisputed facts establish that Plaintiff Janna Dickey was on notice of an alleged injury (i.e., "immediate" and "chronic" pain and other physical problems) within days or months of the February 2007 surgery, allegedly requiring her to seek

5

medical treatment from other providers. [Complaint ¶ 82-85.] Per the allegations in the Complaint, Mrs. Dickey began incurring damages in the form of additional medical treatment and procedures "since the time [the] TVT device was implanted in February 2007." [*Id.* at 87-88.] Mrs. Dickey was also on notice in July 2007 that a wrong may have caused her alleged injuries. In July 2007, Dr. Hibner informed Mrs. Dickey that her pain and complaints may be due to injury of the pudendal nerve caused during the subject surgery. [*Id.* at ¶ 85.] That is the exact basis for Plaintiffs' claims against Dr. Marshburn and Banner – injury to the pudendal nerve caused by improper implantation of the TVT device. [*Id.* at ¶ 91.] This is all that is required for a claim to accrue and the statute of limitations to begin running. *See e.g., Ashley v. United States*, 413 F.2d 490, 492 (9th Cir. 1969) (holding that a medical malpractice claim was time-barred because the plaintiff "knew of the acts constituting the alleged malpractice when they were done" and "knew, within a day or two thereafter if not at the same time, that he had been injured").

The fact that Plaintiffs may not have known the extent of Mrs. Dickey's alleged injuries or receive definitive evidence of the alleged act of negligence until April 2012 is irrelevant. [*See* Complaint ¶¶ 89-91.] The focal issue is when Plaintiffs were reasonably put on notice to investigate the cause of their injuries or suspect those injuries may be due to negligence. Plaintiffs were undisputedly and admittedly on notice by July 2007 of their injuries and that those injuries may be due to injury to the pudendal nerve caused during surgery. [*Id.* at ¶ 85.] Thus, the statute of limitations for any claims against Dr. Marshburn related to his performance of the February 2007 surgery began running no later than July 2007 and expired in July

6

2009 – five years before Plaintiffs filed their Complaint.

Allowing Plaintiffs to pursue a claim against Dr. Marshburn **seven years** after he provided medical care to Mrs. Dickey and **five years** after Plaintiffs were on notice to investigate Mrs. Dickey's injuries and the medical treatment provided by Dr. Marshburn is unfairly prejudicial to Dr. Marshburn and violates the public policy behind the statute of limitations. *See e.g., Brooks v. Southern Pacific Co.*, 105 Ariz. 442, 444, 466 P.2d 732, 738 (1970) (explaining that the purpose of the statute of limitations is "primarily for the protection of the defendant, and the courts, from litigation of stale claims where plaintiffs have slept on their rights and evidence may have been lost or witnesses' memories faded.").

## IV.  CONCLUSION

Defendants Marshburn therefore request that the Court dismiss them based on the expiration of the statute of limitations. In the alternative, if the Court finds Defendants Marshburn are proper parties to this action because there is an issue of fact regarding the statute of limitations, the Court must remand this matter to State Court based on lack of subject matter jurisdiction because complete diversity does not exist pursuant to 28 U.S.C. § 1332.

. . .

. . .

. . .

RESPECTFULLY SUBMITTED this 9th day of June, 2014.

                              JENNINGS, STROUSS & SALMON, P.L.C.

                    By  *s/ Richard K. Delo*
                        Richard K. Delo
                        Anne E. McClellan
                        One East Washington Street
                        Suite 1900
                        Phoenix, Arizona  85004-2554
                        Attorneys for Defendants Marshburn

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Fabiola Jean-Gilles, Esq.
Christopher Post, Esq.
Bryce Dickey, Esq.
FABIOLA JEAN-GILLES, PLC
1900 W. University Drive, Ste. 222
Tempe, AZ 85281
j.jean-gilles@lawcenterplc.com
c.post@lawcenterplc.com
b.dickey@lawcenterplc.com
Attorney for Plaintiffs

Mary G. Pryor, Esq.
THE CAVANAGH LAW FIRM, PA
1850 N. Central Avenue, Ste. 2400
Phoenix, AZ 85004
mpryor@cavanaghlaw.com
Attorney for Defendant Johnson & Johnson

Suzanne Ogden, Esq.
FENNEMORE CRAIG, PC
2394 E. Camelback Road, Ste. 600
Phoenix, AZ 85016
sogden@felaw.com
Attorney for Defendant Banner Health

I hereby certify that on  I served the attached document by mail on the following, who are not registered participants of the CM/ECF System:

Seth Wilson, Esq.
John Henegan, Esq.
Susanna Moldoveanu, Esq.
Laura McCarthy, Esq.
BUTLER SNOW
1020 Highland Colony Parkway, Ste. 1400
Ridgeland, MS 39157
seth.wilson@butlersnow.com
john.henegan@butlersnow.com
susanna.moldoveanu@butlersnow.com
ashley.lampkin@butlersnow.com
Co-Counsel for Defendant Johnson & Johnson


By      s/ Denise L. Christiansen