**Fabiola Jean-Gilles, Esq. (SBN #027490)**
**Christopher Post, Esq. (SBN #028330)**
**Bryce Dickey, Esq. (SBN #029593)**
1900 W. University Drive, Suite 222
Tempe, Arizona 85281
Phone: (480) 277-2525
E-mail: f.jean-gilles@lawcenterplc.com
E-mail: c.post@lawcenterplc.com
E-mail: b.dickey@lawcenterplc.com
Attorneys for **Plaintiffs**

Send All Court Documents to:
mail@lawcenterplc.com

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **JANNA DICKEY** and **ARCHIE DICKEY**, a married couple; <br> PLAINTIFFS, <br> vs. <br><br> **JOHNSON & JOHNSON, INC.**, a New Jersey corporation; **ETHICON, INC.**, a Delaware corporation; **ETHICON, LLC**, a Delaware limited liability company; **ETHICON, LTD**, a Delaware limited liability company; **BANNER HEALTH**, an Arizona non-profit organization d/b/a **BANNER GOOD SAMARITAN MEDICAL CENTER**; **PAUL W. MARSHBURN, M.D.** and **JANE DOE**, a married couple; and **JOHN DOES 1—20**, fictitious individuals and/or entities; <br> DEFENDANTS. | CASE NO. **2:14-cv-01061-NVW** <br><br> **(Removed from Maricopa County Superior Court, Case No. CV2014-092721)** <br><br> **PLAINTIFFS' OBJECTION TO TRANSFER TO MULTIDISTRICT LITIGATION** |

///

///

///

Plaintiffs **JANNA** and **ARCHIE DICKEY**, by and through their undersigned counsel, respectfully object to the above-captioned action being transferred to Multidistict Litigation, MDL Docket No. 2327, and state as follows:

The Conditional Transfer Order entered by the United States Judicial Panel on Multidistrict Litigation on or about June 10, 2014, that effectively transferred the above-captioned action to the Southern District of West Virginia was issued prematurely. Johnson & Johnson filed a Notice of Removal in the District of Arizona on or about May 16, 2014. Pursuant to 28 U.S.C. §1447(c), motion to remand a case based on a procedural defect must be filed within 30 days after the filing of the notice of removal. To this end, the Conditional Transfer Order should not have been entered until at least June 15, 2014, in order to allow Plaintiffs to file a timely motion for remand based on a procedural defect.[1]

Pursuant to 28 U.S.C. §1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." (emphasis added). Accordingly, a motion for remand is appropriate where there is no diversity of citizenship, or the claims does not in fact arise under federal law and the district court may remand a removed case in which the lack of subject matter jurisdiction is discovered at any time prior to the entry of judgment. Admunson & Associates Art Studio, Ltd. v. National Council on Compensation Ins., Inc., 977 F.Supp. 1116 (D. Kan. 1997). Or, if the district court could never have exercised original jurisdiction over the case, remand is *required, even after the entry of final judgment*. Barbara v. New York Stock Exchange, Inc., 99 F.3d 49, 55 (2d Cir. 1996) (emphasis added).

In the case at bar, no final judgment has been entered. Id. In fact, a Motion to Dismiss was filed by the Marshburn Defendants on June 9, 2014, challenging whether this Court has subject matter jurisdiction over Plaintiffs' claims prior to the entry of the Conditional Transfer Order by the United States Judicial Panel on Multidistrict Litigation on June 10, 2014. Justice

---

[1] By raising this issue, Plaintiffs do not waive any defenses or objections under federal or state law. Plaintiffs expressly reserve the right to file a motion for remand based on a procedural defect so long as such motion is timely filed pursuant to the Rules.

**FABIOLA JEAN-GILLES, PLC**
1900 W. University Drive, Suite 222
Tempe, Arizona 85281

requires that both Plaintiffs and the Marshburn Defendants are allowed to present their respective arguments as to whether complete diversity exists under 28 U.S.C. §1332. Therefore, any transfer to the federal multidistrict litigation is proper only if the Marshburn Defendants are dismissed from the above-captioned action prior to the transfer.

**RESPECTFULLY SUBMITTED** this 11TH day of June, 2014.

By: /s/ Christopher Post, Esq.
Fabiola Jean-Gilles, Esq.
Christopher Post, Esq.
Bryce Dickey, Esq.
1900 W. University Drive, Suite 222
Tempe, Arizona 85281
(480) 277-2525
Attorneys for **Plaintiffs**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Richard K. Delo, Esq.
Anne E. McClellan, Esq.
Jennings, Strouss & Salmon, PLC
One E. Washington Street, Suite 1900
Phoenix, Arizona 85004
rdelo@jsslaw.com
amcclellan@jsslaw.com
Attorneys for the Marshburn Defendants

Mary G. Pryor, Esq.
The Cavanagh Law Firm, PA
1850 N. Central Avenue, Suite 2400
Phoenix, Arizona 85004
mpryor@cavanaghlaw.com
Attorney for Defendant Johnson & Johnson

Suzanne Odgen, Esq.
Fennemore Craig, PC
2394 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
sogden@fclaw.com
Attorney for Defendant Banner Health

Courtesy copy of the foregoing emailed this
11TH day of June, 2014, to:

Seth Wilson, Esq.
Butler Snow
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39157
seth.wilson@butlersnow.com
ECF.Notices@butlersnow.com
Co-counsel for Defendant Johnson & Johnson

By:/s/ Christopher Post, Esq.

PLAINTIFFS' OBJECTION TO TRANSFER TO MULTIDISTRICT LITIGATION